GLOBAL TRADING, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83–01–000076

Before WASTON, *Judge.*

(Decided February 28, 1985)

*Stein, Shostak, Shostak & O'Hara, (Theo B. Audett,* of counsel) for the planintiff. *Richard K. Willard,* Acting Assistant Attorney General; Joseph I. Liebman, Attorney in Charge, International Trade Field Office, *(Barbara M. Epstein,* attorney) for defendant.

WATSON, *Judge:* Plaintiff has moved for summary judgment that the export value of its imported strawberries was the price paid by planintiff to the Mexico exporter. The motion is denied on the ground that there remains a triable issue of fact in this action.

Plaintiff imported frozen strawberries from Irapuato, Mexico in 1979. The defendant appraised the strawberries on the basis of export value at the price of merchandise produced by another Mexican exporter, as authorized in 19 U.S.C. § 1401a(f)(4)(B). Plaintiff contends that the proper basis for determining export value is the price it paid for the strawberries unde consideration.

Defendant contends that the price paid by plaintiff cannot be a proper export value because it did not fairly reflect market value. This is a requirement that must be satisfied when, as in this case, the transaction involves selected purchasers. Here, in the absence of proof that the claimed price was found in other transactions which did not involve selected purchasers,[1] the plaintiff is left with the burden of showing that the price it paid resulted from arms length negotiations.

Plaintiff has submitted conclusory statements that the parties to the transaction engaged in fair dealing and acted in the ordinary course of business. It has failed to substantiate these statements with evidetiary details. Proof of arms length negotiations is a matter peculiarly within the knowledge of the parties to the transaction. Conclusory statements alone cannot support a motion for summary judgement on such an hermetic subject. *See D.H. Baldwin Co., et al.* v. *U.S.,* 78 Cust. Ct. 164, 167, C.D. 4704, 432 F. Supp. 1351 (1977) *aff'd,* 65 C.C.P.A. 67, C.A.D. 1208, 577 F.2d 704 (1978).

---

[1] 19 U.S.C. § 1401a(f)(1)(B):

In addition, defendant's evidence suggests that the importer enmjoyed a preferential pricing agreement with the exporter which allowed the adjustment of invoice prices after export. The government has also pointed to statements by the President of Global acknowledging the existence of an advantageous pricing structure.

We are left with a genuine issue of material fact as to the existence of arms length negotiations and the claimed exort value remains unproven. Plainftiff's conclusory statements do not resolve these matters. Therefore, the motion for summary judgment is denied.